UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ERICK GUALITO PARRA,
on behalf of himself and all
others similarly situated,

                         Plaintiff,

          - against –

MLJ PAINTING CORP. and
JOSEPH PICATAGGI,
individually,

                         Defendants.
----------------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE**

**CLASS ACTION**

Plaintiff Erick Gualito Parra ("Gualito" or "Plaintiff"), by and through his attorneys, The Law Offices of Jacob Aronauer, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action on behalf of himself and a putative class of painters who provided labor for MLJ Painting Corp. ("MLJ") and Joseph Picataggi ("Picataggi") (collectively "Defendants") on public works projects and other construction projects. Plaintiff seeks to recover New York State mandated prevailing wages and supplemental benefits as well as unpaid overtime under the New York Labor Law ("NYLL") and wage notice damages under the New York Wage Theft Prevention Act.

2.    Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of unpaid overtime provisions of the FLSA by Defendants.

3.      Plaintiff, a construction worker in the greater New York City area who paints building interiors, is a former employee of MLJ, a company that employs workers to paint residential buildings and public works projects.

4.      MLJ is a subcontractor on larger projects, some of which are public and some of which are private.

5.      MLJ has been engaged as a prime contractor and/or subcontractor for numerous public works projects in New York City.

6.      The locations of at least some of the residential buildings and public works projects where Plaintiff worked were 405 Dumont Avenue, Brooklyn, NY, and 2700 Jerome Avenue, Bronx, NY.

7.      On information and belief, the locations at 405 Dumont Avenue and 2700 Jerome Ave are affordable housing construction projects partly funded by government grants.

8.      Consequently, any work done on these buildings is subject to the appropriate prevailing rate of wages.

9.      Plaintiff brings this action on behalf of himself and a class of similarly situated former and current employees of Defendants, pursuant to Fed. R. Civ. P. 23, for unpaid overtime wages, pursuant to NYLL, Article 6, §§ 190 et seq.; NYLL, Article 19, §§ 650 et seq.; and its supporting regulations, 12 N.Y.C.R.R. 142-2-2.

10.     Plaintiff brings this action on behalf of himself and a class of similarly situated former and current employees of Defendants, pursuant to Fed. R. Civ. Rule 23 as third-party beneficiaries, for Defendants' breach of contract.

11.     Defendants failed to comply with the statutorily required provision of all public works project contracts entered into in the State of New York to abide by NYLL § 220, requiring

the payment of prevailing wages and supplemental benefits as set by the New York City Comptroller.

## JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b), (c), and 217; and 28 U.S.C. § 1337.  It has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 201 and 2202.

## PARTIES

**Plaintiff and Putative Class Members**

15.     Plaintiff and other members of the putative class are painters in the greater New York City area.

16.     Plaintiff resides in Bronx County, New York.

17.     At various times throughout the relevant period, Plaintiff and other members of the putative class were jointly employed by Defendants and were employees within the meaning of the NYLL, Article 6, § 190(2).

**MLJ**

18.     MLJ is a construction business incorporated in the State of New York, with its DOS Process address listed as 10 Shenandoah Blvd., Port Jefferson Sta., New York 11776 on the NYS Department of State Division of Corporations database.

19.    On information and belief, MLJ provided and continues to provide painting services as both a contractor and subcontractor on numerous public works projects in New York City throughout the relevant period.

20.    Upon information and belief, Joseph Picataggi is the President and Chief Executive Officer of MLJ.

**Joseph Picataggi**

21.    Upon information and belief, Joseph Picataggi maintains control, oversight and the direction of MLJ.

22.    Defendant Picataggi is a person engaged in business in Kings County, Queens County, New York County and Suffolk County, who is sued individually in his capacity as an owner, officer and/or agent of MLJ.

23.    Defendant Picataggi exercises sufficient control over MLJ to be considered Plaintiff's employer under the NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at MLJ.

24.    Defendant Picataggi employed Plaintiff at all times relevant.

25.    Defendant Picataggi had substantial control over Plaintiff's working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

26.    The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated painters who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

27.    The FLSA Collective Plaintiffs consist of at least 50 similarly situated current and former painters who worked for Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

28.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

29.    Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective Plaintiffs were not paid the appropriate premium overtime compensation for all hours worked beyond 40 hours per workweek.

30.    All the work that Plaintiff and the FLSA Collective Plaintiffs have performed was assigned by Defendants, and/or Defendants have been aware of all work that Plaintiff and the FLSA Collective Plaintiffs have performed.

31.    As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA.  This policy and/or practice includes, *inter alia*, the following:

      (a)    willfully failing to pay its employees, including Plaintiff and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per work week;

      (b)    willfully failing to record as required by the FLSA and NYLL all of the time that its employees, including Plaintiff and the FLSA Collective Plaintiffs, have worked for the benefit of Defendants; and,

      (c)    willfully failing to pay its employees, including Plaintiff and the FLSA Collective Plaintiffs, time and one-half the regular rate (i.e., the prevailing wage rate) when they worked in excess of 40 hours per work week on a public job.

32.    Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for the overtime hours worked.

33.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums for hours worked in excess of 40 per work week.

34.    Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

35.    Defendants' unlawful conduct is widespread, repeated and consistent.

36.    There are many similarly situated current and former non-exempt workers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).  Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

37.    **Proposed Class**.  The proposed class comprises all individuals who worked for the Defendants as painters on prevailing wage projects during the applicable period on behalf of Defendants.

38.    Some of the public works projects that the proposed class worked on include 405 Dumont Avenue, Brooklyn, NY, and 2700 Jerome Avenue, Bronx, NY, affordable housing construction projects in New York City.

6

39. **Ascertainability**.  The identity of all Class Members is readily ascertainable from Defendants' records, and class notice can be provided to all Class Members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.  To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking painters. Many Class Members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

40. **Numerosity**.  The size of the class makes a class action both necessary and efficient.  The size of the class consists of at least 75 employees.   Members of the class are ascertainable but so numerous that joinder is impracticable.

41. **Common Questions of Law and Fact**.  This case poses common questions of law and fact affecting the rights of all Class Members, including:

   a) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of overtime premiums;

   b) whether Defendants provided Plaintiff and similarly situated employees with accurate wage statements as required under NYLL;

   c) whether Defendants are joint employers of Plaintiff and similarly situated employees;

   d) whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein;

   e) whether proof of hours is sufficient where employers fail in their duty to maintain true and accurate time records;

   f) whether Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages at a wage rate of one and one-half their regular rate of wages within the meaning of NYLL

Article 12 and the supporting New York State Department of Labor Regulations, 12 NYCRR 142-2.2;

g) whether Defendants entered into certain contracts or subcontracts with the above-mentioned government agencies, to provide painting services on public work projects; and,

h) whether Defendants failed to pay Plaintiff and the Rule 23 Class the required prevailing wage and supplemental benefits for all work performed on publicly financed construction projects, per contract terms statutorily required to be included in the public works contracts they executed or were parties to.

42. **Typicality.**  The claims of the individual Plaintiff are typical of the claims of the class as a whole.  Defendants' unlawful wage policies and practices, which have operated to deny Plaintiff overtime premiums, NY prevailing wages, other compensation, benefits, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other Class Members lawful compensation.

43. **Adequacy of Class Representation**.  The individual Plaintiff can adequately and fairly represent the interests of the class as defined above, because his individual interests are consistent with, and not antagonistic to, the interests of the class.

44. **Propriety of Class Action Mechanism.**  Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual Class Members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is

superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

45. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

46. **Proposed Class.** Plaintiff brings New York Labor Law ("NYLL") claims, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of persons consisting of all non-exempt employees that worked for the Defendants from on or about August 6, 2015, to the date of the final judgment in this matter. ("Rule 23 Class" or "Class Members").

47. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

48. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

49. Upon information and belief, the size of the Rule 23 Class, which includes current and former employees of Defendants is at least 75 people. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

50. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) willfully failing to pay its employees, including Plaintiff and the Class Members, the appropriate overtime wages for hours worked in excess of 40 hours per work week;

(b) willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of Defendants; and,

(c) willfully failing to pay Plaintiff and the Class Members prevailing wages and supplemental benefits pursuant to the contracts and/or subcontracts Defendants entered into with the government and various public agencies and under the New York Prevailing Wage Law.

## FACTS

### Prior Wage and Hour Lawsuit Against Defendants

51.     Defendants were sued in 2019 in the EDNY by former employees Jhon Vinas and Andres Vinas in the case *Vinas et al. v. MLJ Painting Corp. et al.*, 19-cv-02921-RML (the "2019 Case").

52.     Like the instant complaint, the 2019 Case alleged unpaid overtime wages and unpaid prevailing wages as well as violations of the New York Wage Theft Prevention Act.

53.     In December 2019, the case was resolved.

### Rule 23 Class Factual Allegations

54.     As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff and the Class Members should have been annexed to and formed part of the public works contracts.  If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

55.     Upon information and belief, Plaintiff and the Class Members should have been paid at the prevailing rate of wages (including supplemental benefits) of:

     a.   July 1, 2015 through June 30, 2016: $41.00 plus $26.37 in supplemental benefits per hour, and $31.00 per hour in supplemental benefits on overtime. [1]

     b.   July 1, 2016 through April 30, 2017: $42.50 plus $26.62 in supplemental benefits per hour, and $31.25 per hour in supplemental benefits on overtime.

     c.   May 1, 2017 through June 30, 2017: $44.10 plus $27.02 in supplemental benefits per hour, and $31.65 per hour in supplemental benefits on overtime.

     d.   July 1, 2017 through June 30, 2018: $42.50 plus $28.62 in supplemental benefits per hour, and $33.25 per hour in supplemental benefits on overtime.

     e.   July 1, 2018 through June 30, 2019: $42.50 plus $30.87 in supplemental benefits per hour, and $35.50 per hour in supplemental benefits on overtime.

     f.   July 1, 2019 through June 30, 2020: $42.50 plus $30.87 in supplemental benefits per hour, and $35.50 per hour in supplemental benefits on overtime.

     g.   July 1, 2020 through June 30, 2021: $43.00 plus $34.70 in supplemental benefits per hour, and $40.99 per hour in supplemental benefits on overtime.

     h.   July 2, 2021 through June 30, 2022: $43.00 plus $36.70 in supplemental benefits per hour, and $43.79 per hour in supplemental benefits on overtime.

56.    Upon information and belief, at no time were Plaintiff and the Class Members paid the prevailing wage plus the supplemental benefit rate, for any hour worked, or overtime for hours worked in excess of 40 hours per week.

57.    They were instead paid either an hourly, daily or weekly wage, depending on the employee, and these wages were always below the supplemental benefit rate.

---

[1] These rates are those of a "Painter – Brush & Roller" from the Office of the Comptroller, City of New York's § 220 Prevailing Wage Schedules.

58.     Upon information and belief, Defendants paid Plaintiff and the majority of Class Members at a daily rate between $100 and $245 per day, depending upon the individual.

59.     Defendants willfully failed to pay Plaintiff and the Class Members engaged in labor on said public works projects the prevailing wages, supplements and overtime premiums as required by the above-mentioned contract terms.

60.     Defendants paid Plaintiff and the Class Members by a combination of checks and cash.

61.     Furthermore, NYLL, Article 8, requires both contractors and all subcontractors performing work on a public works project to post the prevailing wage schedule and supplement rates.

62.     Defendants did not post the prevailing wage schedule and supplement rates at any of the work sites of the public works projects for which Plaintiff and the Class Members provided labor.

63.     NYLL, Article 8, requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.

64.     NYLL, Article 8, requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing wages and supplements.

**Plaintiff Erick Gualito Parra Factual Allegations**

65.     Plaintiff worked as a painter for Defendants from 2011 to July 9, 2021, with an eight month break from 2016-2017.

66.     Plaintiff worked on various public work projects on behalf of Defendants.

67.     When Plaintiff worked overtime, he was not paid time and one-half.

68.     In addition, when Plaintiff worked on public work projects, he was not paid the applicable prevailing wage rate or supplemental benefits rate.

69.     Instead, Plaintiff was paid a flat daily salary.

70.     Throughout his employment, Plaintiff's flat daily salary varied.

71.     From on or about August 2018 through on or about January 2020, Plaintiff was paid $180 per day.

72.     From on or about February 2020 through on or about June 2020, Plaintiff was paid $220 per day.

73.     From on or about July 2020 through on or about July 8, 2021, Plaintiff was paid $245 per day.

74.     Plaintiff was paid by a combination of check and cash (currency).

75.     On information and belief, Defendants paid Plaintiff in cash (currency) to circumvent their obligations under the FLSA and the NYLL.

76.     Plaintiff worked 7:00 a.m. to 3:00 p.m. Monday through Friday.

77.     Additionally, Plaintiff worked between two and three Saturdays per month.

78.     When Plaintiff worked on Saturdays, he also 7:00 a.m. to 3:00 p.m.

79.     Plaintiff worked three months of overtime each year, in which his schedule was Monday through Saturday, 7:00 a.m. to 6:00 p.m.

80.     Defendants required Plaintiff to clock in and clock out.

81.     However, when Plaintiff worked overtime, Defendants required Plaintiff to clock out at 3:00 p.m.

82.      Plaintiff would text his boss when he finished work so that his boss would know how many hours he worked that day.

83. Plaintiff's paystubs only showed the total amount of money paid by check in a given week, and did not disclose his hours worked per week, days worked per week or any information about his rate of pay.

**Defendants' Violations of the Wage Theft Prevention Act**

84. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

85. Throughout the relevant time period, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

86. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

87. Upon information and belief, Defendants never gave wage notices to nor were wage notices signed by any other employee of Defendants.

88. The decision not to provide Plaintiff and the Class Members with accurate statements of what they would earn and what they earned in the course of their employment was a conscious decision made by Defendant Picataggi.

## FIRST CAUSE OF ACTION
### Breach of Contract
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

89.     Plaintiff repeats and re-alleges the allegations contained in all previous paragraphs herein.

90.     NYLL, Article 8, § 220(3)(a), (b) requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman, or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[s]" and supplements for each hour worked.

91.     The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiff and the Class Members.

92.     Defendants breached their public works contracts and/or subcontracts by failing to pay Plaintiff and the Class Members the prevailing wage and supplemental benefits rate for all hours worked in performance of said contracts.

## SECOND CAUSE OF ACTION
### (Pled in the Alternative)
### Unjust Enrichment
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

93.     Plaintiff repeats and re-alleges the allegations contained in all previous paragraphs herein.

94.     Plaintiff and the Class Members have performed a significant amount of work for which they have not been paid.

95.     Upon information and belief, when Defendants entered into the public works contracts and/or subcontracts, they agreed to pay the required prevailing wage, overtime, and supplemental benefit rates of pay to Plaintiff and the Class Members.

96. Upon information and belief, Defendants billed the public owner, such as the New York City Department of Housing Preservation and Development, overtime and supplemental benefit rates which were not paid to Plaintiff and the Class Members.

97. As a result of this failure to pay said wages, Defendants were unjustly enriched for work and services performed by Plaintiff and the Class Members.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

98. Plaintiff repeats and re-alleges the allegations contained in all previous paragraphs herein.

99. Defendants willfully failed to supply Plaintiff and the Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100. Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

101.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiff and the Class Members with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

102.    Plaintiff repeats and re-alleges the allegations contained in all previous paragraphs herein.

103.    Defendants have willfully failed to supply Plaintiff and the Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

104.    Through their knowing or intentional failure to provide Plaintiff and the Class Members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

105.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class Members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiff and the Class Members with accurate wage

17

statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

106.    Plaintiff repeats and re-alleges the allegations contained in all previous paragraphs herein.

107.    Defendants failed to pay Plaintiff and the Class Members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

108.    Defendants failed to pay Plaintiff and the Class Members one and one-half times their regular hourly rate of pay for all work in excess of 40 hours per work week.

109.    Through their knowing or intentional failure to pay Plaintiff and the Class Members overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

110.    Defendants' decision not to pay overtime was willful.  Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

111.    Plaintiff repeats and re-alleges the allegations contained in all previous paragraphs herein.

112.    Defendants engaged in a widespread pattern or practice of violating the FLSA, 29 U.S.C. §§ 201 *et seq.*

113.    At all times relevant to this action, Plaintiff and FLSA Collective Members were employed by Defendants within the meaning of the FLSA, 29. U.S.C. §203.

114.    At various times throughout the relevant period, Plaintiff and FLSA Collective Members were jointly employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

115.    At all times relevant to this action, Plaintiff and FLSA Collective Members were engaged in commerce and MLJ was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

116.    Defendants willfully failed to pay Plaintiff and FLSA Collective Members overtime compensation at a rate of not less than one and one-half times their wage for each hour worked in excess of 40 in a work week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

117.    Defendants failed to keep appropriate and accurate payroll and time records as required by federal law.

118.    Due to the FLSA violations committed by Defendants, Plaintiff and FLSA Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a.  That, at the earliest possible time, Plaintiff be permitted to give notice of this class action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through

and including the date of this court's issuance of court-supervised notice, been employed by Defendants MLJ and Joseph Picataggi, individually;

b.   Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c.   Designation of Erick Gualito Parra as representative of the Rule 23 Class and counsel of record as Class Counsel;

d.   Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

e.   Unpaid wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.* and NYLL, Article 6, § 198 (1-a);

f.   Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

g.   Damages for the unpaid overtime pay due to Plaintiff and the Rule 23 Class, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

h.   Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff and the Class Members with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

i. Penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff and the Class Members with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

j. The difference between the wages paid to Plaintiff and the Class Members for work on public works projects and the prevailing wage plus supplemental benefit rate at the time, as determined by the New York City Comptroller, and interest on said sum;

k. For pre-judgment and post-judgment interest on the foregoing amounts;

l. For Plaintiff's costs and disbursements of this action, including attorneys' fees and expenses;

m. Issuance of a declaratory judgment that the practices of Defendants complained of herein are unlawful under the NYLL; and

n. For such other further and different relief as this Court deems just and proper.

Dated: August 30, 2021
      New York, New York

                                        **THE LAW OFFICES OF JACOB ARONAUER**

                            By:      */s Jacob Aronauer*
                                      Jacob Aronauer
                                      225 Broadway, 3rd Floor
                                      New York, NY 10007
                                      (212) 323-6980

                                      *Attorney for Plaintiff*