Solomon & Cramer LLP<br>
25 West 39th Street, 7th Floor<br>
New York, New York 10018<br>
(t) 212-884-9102<br>
(f) 516-368-3896

September 1, 2021

Via ECF

Hon. Brian M. Cogan
United State District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Gualito Parra v. MLJ Painting Corp., et al., 1:21-cv-04887-BMC

Dear Judge Cogan:

This firm represents defendants MLJ Painting Corp. and Joseph Picataggi ("Defendants"). By this letter, Defendants respectfully request a pre-motion conference in connection with their planned motion to dismiss the Complaint.

Plaintiff Erick Gualito Parra ("Plaintiff" or "Parra") is a former employee of defendant MLJ Painting Corp. ("MLJ"), a painting contractor working in New York City and the surrounding area. Mr. Parra brings this action as a putative collective action under the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, et seq.) ("FLSA") and as a putative class action under Rule 23 of the Federal Rules of Civil Procedure.  For his claims, Plaintiff asserts (1) a class action claim for breach of contract, alleging that Defendants failed to pay the putative class prevailing wages, as required under New York Labor Law, Art. 8, § 220(3)(a)-(b); (2) a class action claim for unjust enrichment, alleging that Defendants were unjustly enriched by receiving compensation from public owners without paying prevailing wages to Plaintiffs; (3) a class claim under New York Labor Law, Article 6, § 190, et seq., for failing to provide annual wage notices; (4) a class claim under New York Labor Law § 6, § 190, et seq., for failing to provide wage statements; (5) a class claim under New York Labor Law, Art. 19, § 650, et seq., for failing to pay overtime wages for work in excess of 40 hours per work week; and (6) a collective claim under the FLSA § 201, et seq., for failing to pay overtime compensation for work in excess of 40 hours in a work week.

Plaintiff's prevailing wage claim is styled as one for breach of contract. To state a claim for breach of contract under New York law, a claimant must allege: (1) the formation of an agreement; (2) performance of the agreement by one party; (3) breach by the other party; and (4) damages. *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y.2008) (citing *First Investors*

*Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir.1998); *Roberts v. Karimi*, 251 F.3d 404, 407 (2d Cir. 2001)).

That Plaintiff has not alleged these elements sufficiently and plausibly requires no extended argument. The breach of contract claim is purely conclusory and hypothetical. ECF 1 at ¶¶ 90-92. Plaintiff does not attach, identify, or describe the contract that was supposedly breached, much less the applicable contractual provisions. Plaintiff does not even allege the names of the contract parties. At most, Plaintiff's claim amounts to his speculation that he worked on a project, that had a prevailing wage component, which he did not receive. Suffice to say, a lawsuit requires a sturdier basis than conjecture and guesswork. Real facts about real contracts are the minimum. Failing that, dismissal is warranted. *See, e.g., George & Co., LLC v. Spin Master Corp.,* No. 19 CV 04391 (RPK) (SJB), 2020 WL 7042665, at *5 (E.D.N.Y. Nov. 30, 2020); *Northwell Health, Inc. v. Lexington Ins. Co.*, No. 21-CV-1104 (JSR), 2021 WL 3139991, at *4 (S.D.N.Y. July 26, 2021) (dismissing breach of contract claim where breach is not alleged with facts); *Harbor Distrib. Corp. v. GTE Operations Support Inc.*, 176 F. Supp. 3d 204, 215-16 (E.D.N.Y. 2016).

It should be pointed out that if the *contract(s)* upon which Plaintiff claims a right to a prevailing wage pertain to MLJ's projects at 405 Dumont Avenue (Brooklyn) or 2700 Jerome Avenue (Bronx), Plaintiff loses. Neither of those projects were "public works" requiring the payment of prevailing wages, as that term is defined under New York law, and, critically for a breach of contract claim, both expressly did not require the payment of prevailing wages. *See* Exhibits A and B hereto.

Plaintiff's second cause of action, for unjust enrichment, is also deficient. "To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc*., 448 F.3d 573, 586 (2d Cir. 2006). Here too, Plaintiff's allegations are wholly conclusory. ECF 1 at ¶¶ 94-97. Which contracts? Which projects? What time frame? Plaintiff does not say.

Moreover, New York law is well-settled that an unjust enrichment claim does not lie when its subject matter is governed by a "valid and enforceable written" agreement. *Id.* at 587; *MacDraw, Inc. v. CIT Grp. Equip. Fin.*, 157 F.3d 956, 964 (2d Cir. 1998) (quoting *U.S. East Telecommunications, Inc. v. US West Communications Services, Inc.,* 38 F.3d 1289, 1296 (2d Cir. 1994) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co*., 70 N.Y.2d 382, 516 N.E.2d 190, 193, 521 N.Y.S.2d 653 (N.Y. 1987))). Here, if Plaintiff had stated a claim it would necessarily be governed (in theory) by the written construction contracts with public entities that he elliptically refers to in the claim. ECF 1 at ¶¶ 95-96. Dismissal of the unjust enrichment claim is thus required. *See Maddison v. Comfort Sys., USA (Syracuse),* 5:17-CV-0359 (LEK) (ATB), 2020 U.S. Dist. LEXIS 34038 at * 22 (N.D.N.Y. Feb. 27, 2020) (dismissing unjust enrichment claim predicated on contract with a public entity).

Also, if Plaintiff had pled his contract claim with sufficient detail, his unjust enrichment claim would surely fail on the basis of him having an adequate remedy at law. *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 188 (E.D.N.Y. 2004) (dismissing claim for unjust

enrichment because "any viable claim for breach of contract would provide an adequate remedy at law").

Plaintiff's fifth and sixth causes of action seek unpaid overtime wages, both as a class action under Rule 23 and as a collective action under the FLSA. Neither claim is sufficiently pleaded to meet the requirements of Rule 8(a). To plead a plausible overtime claim, a plaintiff must meet the standard set by a triumvirate of Second Circuit cases: *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013); *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192 (2d Cir. 2013), and *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013). These cases require a focus on a "given workweek." A plaintiff must identify a specific week (or weeks) in which overtime hours were worked but not properly compensated. For each such week, a plaintiff must provide contextual facts (*e.g.*, hours scheduled, hours worked, compensation paid, start times, end times, and breaks) to move the claim from speculative and theoretical to plausible. None of those details are alleged in the Complaint. ECF 1 at ¶¶ 106-118.

Finally, Plaintiff's third and fourth claims are under state law. If the Court dismisses the federal claims, the Court may decide in its discretion to dismiss the case under 28 U.S.C. § 1367. But Defendants would rather the Court not exercise its discretion in that manner and permit the parties to litigate the state law claims in this Court.

Respectfully yours,

*[signature]*

Andrew T. Solomon