September 7, 2021

Dear Judge Cogan:

This office represents Plaintiff Erick Gualito Parra ("Plaintiff") in the above captioned matter. For the reasons set forth, Defendants' request to move to dismiss the complaint should be denied.

Plaintiff worked as a construction laborer for Defendants MLJ Painting Corp. and Joseph Picataggi, individually ("Defendants"). *See* ¶ 1 of the Complaint ("Compl.").

This is the second-class action lawsuit brought against by former employees of Defendants for unpaid overtime and prevailing wage violations. *See* ¶¶ 51-53 of the Compl. Similar to this action, the plaintiffs in the first lawsuit also alleged not being paid in compliance with the applicable prevailing wage.

Also similar to this action, in the first lawsuit in 2019, Defendants also attempted to end the case in one fell swoop. Specifically, Defendants attempted to dismiss the case due to improper service and failure to sufficiently plead sufficient facts. *See Vinas v. MLJ Painting Corp.,* 19-cv-02921 (RML) at dkt 008. The first lawsuit settled prior to the Court ruling on Defendants' motion.

For the purposes of a motion to dismiss, the Court "accept[s] all factual allegations as true and draws all reasonable inferences in favor of the plaintiff." *Skidanenko v. Equinix Holdings Inc.*, 20-cv-01550 at pg. 1 (E.D.N.Y. June 6, 2021) citing *ECA, Local 134 IBEW Joint Pension Tr. of Ci v. JP Morgan Chase CO.*, 553 F.3d 187, 196 (2d Cir. 2009). The Court considers only "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference and matters of which judicial notice may be taken." Id. *citing Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (d Cir. 2016) (quotation markets and internal alterations omitted.").

Defendants take the position that Plaintiff has failed to sufficiently plead his overtime claims. Specifically, Defendants claim that Plaintiff failed to plead weeks in which overtime hours were worked but not adequately compensated. Here, though, Plaintiff did allege the time periods that he worked where he was not paid in compliance with the FLSA and the NYLL.

Specifically, Plaintiff alleged two separate time periods where he worked overtime but was not paid in compliance with the FLSA and the NYLL. The first time period was when Plaintiff would usually work Mondays through Friday but would also work, in addition, between two and three Saturdays per month. *See* ¶¶ 76-78 of the Compl. With respect to the second time period, Plaintiff alleged that he worked three consecutive months of overtime a year, in which his schedule was Monday through Saturday, 7:00 a.m. to 6:00 p.m. *See* ¶ 79 of the Compl.

Plaintiff further alleged that throughout his employment with Defendants he was always paid a flat daily rate regardless of whether he worked more than 40 hours in a given week. *See* ¶¶ 70-73 of the Compl. Plaintiff further alleged that Defendants paid Plaintiff in a combination of cash and check so as to avoid their obligations to pay in compliance with the FLSA and the NYLL. *See* ¶¶ 74-75 of the Compl.

The cases cited by Defendants in support of their contention that Plaintiff did not sufficiently plead overtime hours worked are not analogous to the facts herein. In support of its position that Plaintiff failed to plead that he worked more than 40 hours in any given week, Defendant places a great deal of emphasis on *Lundy v. Catholic Health System of Long Island*, 711 F.3d 106 (2d. Cir. 2013), *DeJesus v. HF Mgmt. Servs. LLC.*, 726 F.3d 85 (2d Cir. 2013) and *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013), respectively ("The Healthcare Lawsuits"). While the Healthcare Lawsuits are technically three separate lawsuits, all three were brought by the same law firm on behalf of healthcare employees. In those cases, the complaints lacked sufficient factually detailed information for the court to determine that in a particular week the plaintiffs both worked more than 40 hours and that the defendant failed to pay appropriate overtime wages.[1]

Defendants take the position that Plaintiff has failed to sufficiently plead a claim under prevailing wage law. In support of their position, Defendants ask the Court to take into consideration documentary evidence. It is respectfully submitted that the Court not consider the exhibits provided by Defendants in their pre-motion application to dismiss the complaint. *See Goel,* 820 F.3d at 559 (noting that in evaluating a motion to dismiss the Court only considers "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken.").

Defendants also cite a plethora of cases in support of their position that Plaintiff failed to sufficiently plead a breach of contract claim against Defendants. None of the cases cited by Defendants pertain to a prevailing wage claim. To plead a viable claim for breach of contract under New York law, "a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Di Simone v. CN Plumbing, Inc.*, 2014 U.S. Dist. LEXIS 44574, at *12 (E.D.N.Y Mar. 31, 2014) *citing Eternity Global Master Fund Ltd v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). To properly plead a claim that Plaintiff was an intended third-party beneficiary, Plaintiff must sufficiently allege that (a) that a contract exists between other parties, (b) that the contract was intended for Plaintiff's benefit, and (c) that the benefit to Plaintiff was immediate as

---

[1] In *Lundy* and *Nakahata*, the plaintiffs alleged that they were scheduled to work 40 hours or less per week but exceeded the 40-hour threshold due to uncompensated work during breaks, training sessions, and additional unscheduled shifts. *Lundy*, 711 F.3d at 114-15; *Nakahata*, 723 F.3d at 201. In *DeJesus*, the plaintiff merely repeated the statutory language, without providing additional factual information. *DeJesus*, 726 F.3d at 86; *see also Kuck v. Planet Home Lending*, LLC, 354 F Supp.3d 162, 168 (E.D.N.Y. 2018). In contrast, for the reasons discussed herein, Plaintiff has asserted factual allegations to show that he did, in fact, work more than 40 hours a week.

opposed to incidental. Id. *citing Clopay Plastic Prods. Co., Inc. v. Excelsior Packaging Grp.*, 2013 U.S. Dist. LEXIS 172448, at *3 (S.D.N.Y. Dec. 6, 2013).

Here, Plaintiff has sufficiently alleged that the public works contracted existed, (Compl. ¶¶ 6-8, 59); that he adequately performed work on those contracts (Id. ¶66); that the defendants violated the contracts by failing to pay the relevant prevailing wages (Id. 68); and that Plaintiff was thereby damaged (Id. ¶ 68). Plaintiff has also adequately pled that he was an intended third-party beneficiary to these contracts (Id. at ¶¶ 89-92) and that the benefit to him was immediate, not incidental. In short, with respect to the public work contracts, Plaintiff's pleadings are sufficient to notify Defendants of the nature of their claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the…claim is and the grounds upon which it rests").

This logic holds particularly true in this matter. As noted by Judge Gleeson in *Di Simone*, "the relevant facts relating to the defendants' various public works contracts are uniquely within the knowledge of the defendants, and it will likely be readily ascertainable to the defendants whether they entered into any public works contract and whether [plaintiff] provided services on any of those contracts. *Di Simone*, at *14 *citing Jones v. E. Brooklyn Sec. Servs. Corp.*, 2012 U.S. Dist. LEXIS 110713, at *6 (E.D.N.Y. Aug. 7, 2012); *see also Love v. Fleshman Masonry, Ltd.*, 2013 U.S. Dist. LEXIS 150928, at *4 (S.D. Ohio Oct. 21, 2013) (denying motion to dismiss claim that the plaintiff was a direct third-party beneficiary to the defendants' contracts with government entities to pay workers prevailing wages).

Defendants also seek to dismiss Plaintiff's claims for unjust enrichment and quantum meruit. Defendants are technically correct that Plaintiff cannot ultimately prevail on both his contract and his quasi-contract claims. "However, because at this early stage of the case [plaintiff] has not established the existence of a valid, enforceable agreement that covers the subject matter of this claim, he may plead this quasi contract claim in the alternative." *Di Simone v. CN Plumbing, Inc.*, 2014 U.S. Dist. LEXIS at *16-17 *citing* FRCP 8(d)(2)-(3); *Jones v. E. Brooklyn Sec. Servs. Corp.*, 2012 U.S. Dist. LEXIS 110713, at *7.

For the reasons set forth, Defendants' pre-motion should be denied in its entirety.

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
*All attorneys on record*

3